JULIA F. KELLEY vs. EDWARD F. RADAKIN et al.

PROVIDENCE—APRIL 21, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Equity.  Misrepresentation.  Deeds.*

Complainant made a deed to respondent without consideration, under representations that it was necessary to save the estate from a tax sale and thus secure a home for complainant's father and aunt, which respondent would assume.   There was no need for a sale for taxes, because by written agreement all the children were then equitable owners of the property and equally liable for taxes and interest on a mortgage which could have been secured.   Respondent made no agreement to provide a home for the old people, and immediately conveyed the estate for the benefit of his children and of a sister who had signed the deed, thus leading complainant to believe that all the family were joining in the arrangement.   It appeared the respondent assured complainant that the property would be held for the family and that her interest would remain the same.   Complainant was the sister of respondent :—

*Held,* that the deed was obtained by misrepresentation, and that complainant was entitled to relief.

BILL IN EQUITY seeking relief to set aside a deed.   Heard on bill and answer.   Relief granted.

PER CURIAM.   The court is of opinion that the deed of the complainant's interest in the land in question should be set aside.

(1)     It was without consideration, and made under representations that the deed was necessary to save the estate from a sale for taxes and thus to secure a home for the complainant's father and aunt, which the respondent Edward Radakin would assume.   There was no need for a sale for taxes, because by written agreement all the children were then equitable owners of the property and equally liable for taxes and interest on a mortgage which could easily have been secured. The respondent Edward Radakin has not made any written agreement to provide a home for the old people, and the immediate conveyance of the estate for the benefit of his children and of a sister who had signed the deed, thus leading the complainant to believe that all the family were joining in

the arrangement, points clearly to the conclusion that the complainant was deceived. The court is also of opinion that the respondent Edward assured her that the property would be held as theretofore for the family, and that her interest in it would remain the same, the deed being given only for the purposes of managing the estate.

Whether the deed was read to her or not is disputed, but assuming that it was, and that she was dealing with her brother, in whom she would naturally place confidence, it would still be a deed obtained by misrepresentation.

The complainant is entitled to relief, and a decree may be made accordingly.

*George B. Barrows and James J. Nolan*, for complainant.
*John J. Fitzgerald*, for respondent.